UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HAKAN YALINCAK | : | |
| | : | |
| v. | : | CIVIL NO. 3:07CV170(AHN) |
| | : | |
| MICHAEL SHERMAN ET AL. | : | |

RULING ON MOTION TO DISMISS

The plaintiff, Hakan Yalincak ("Yalincak"), proceeding pro se and in forma pauperis, brings this action against his former attorney, Michael Sherman ("Sherman"), and other attorneys in Sherman's firm as well as the law firm itself. Yalincak's claims arise out of Sherman's representation of him in a criminal matter relating to Yalincak's dealings with Daedalus Capital Relative Value Fund I, LLC.[1]

Pending before the court is the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5) for lack of jurisdiction. The defendants maintain that the court lacks personal jurisdiction over them because they were not properly served in this action.

PROCEDURAL BACKGROUND

After commencing this action on February 2, 2007, Yalincak served the defendants by causing copies of the summons and

---

[1] At the time this action was commenced, Yalincak was on house arrest awaiting sentencing. He was sentenced on April 11, 2007 and is currently incarcerated.

complaint to be delivered to their business address[2] and by certified mail. Thereafter, the defendants, claiming that the service of process was defective, moved to dismiss the complaint for lack of personal jurisdiction. In response to the motion, Yalincak attempted to cure the defective service by proceeding under Rule 4(d) and requesting the defendants waive formal service.[3] The defendants declined to do so, ostensibly because of minor, technical defects in the notice[4] and because this motion to dismiss was pending.

## DISCUSSION

Under both the federal rules and Connecticut statute, neither an individual nor a corporation may be served by certified mail or by personal service at the individual's place of business or the business's headquarters. Fed. R. Civ. P. 4(e) & 4(h); Conn. Gen. Stat. § 52-57. Thus, Yalincak's attempt to serve the defendants at their place of business was insufficient

---

[2] Although Yalincak was entitled to service by a United States Marshal pursuant to 28 U.S.C. § 1915(c) and Fed. R. Civ. P. 4(c)(2), his sister, rather than a U.S. Marshal, served the defendants.

[3] Yalincak also attempted to cure the defective service by hand delivering copies of the summons and complaint to defendants' counsel when the two of them were attending a statewide grievance proceeding relating to Yalincak's grievance complaint against Sherman.

[4] The defendants say that only one copy of the complaint was sent with the notices and that the notices for the non-individual defendants were not addressed to an officer, managing or general agent, or agent authorized to receive process.

to confer personal jurisdiction over them in this action. This is so despite the fact that the defendants have actual notice of the lawsuit. Nonetheless, even though the defendants have not been properly served, the court is not required to dismiss this action. Romandette v. Weetabix Co., Inc., 807 F.2d 309 (2d Cir. 1986). Rather, "Rule 4 of the Federal Rules is to be construed liberally to further the purposes of finding personal jurisdiction in cases in which the party has received actual notice." Id. at 311 (quoting Grammenus v. Lemos, 457 F.2d 1067, 1070 (2d Cir. 1972)). "Incomplete or improper service will lead the court to dismiss the action <u>unless it appears that proper service may still be obtained</u>." Id. (emphasis in original).

In this case, the defendants have actual notice of the lawsuit and will not be prejudiced by allowing the suit to continue. Further, this is a case in which proper service can still be obtained. Thus dismissal at this juncture would be premature. See id.

Although Rule 4(m)'s 120-day time period for effecting service has expired, the rule allows the court to extend the time for service where there is good cause. Fed. R. Civ. P. 4(m). Yalincak's special circumstances as a pro se litigant proceeding in forma pauperis while incarcerated, as well as his numerous good faith attempts to effectuate service, establish good cause to extend the time for service. See Romandette, 807 F.2d at 311.

Accordingly, pursuant to Rule 4(m), Yalincak shall have 90 days from the date of this ruling to effect proper service on the defendants. Because he is incarcerated and is proceeding pro se and in forma pauperis, service of process in accordance with Fed. R. Civ. P. 4(e), 4(h), and Conn. Gen. Stat. § 52-57, shall be effected by a United States Marshal or a deputy marshal. However, because it does not appear that the defendants were prejudiced by the technical defects in Yalincak's attempt to serve them pursuant to Rule 4(d), and in light of the defendants' statutory duty to avoid unnecessary costs of service of process, the court imposes on the defendants the costs of effecting such service. See Fed. R. Civ. P. 4(d)(2); Stapo Indus., Inc. v. M/V Henry Hudson Bridge, 190 F.R.D. 124, 125-26 (S.D.N.Y. 1999).

## CONCLUSION

For the foregoing reasons, the motion to dismiss [doc. # 40] is DENIED. Pursuant to Fed. R. Civ. P. 4(m), the time for effecting service is extended 90 days from the date of this order. Yalincak shall make all arrangements with the U.S. Marshal's Office in Connecticut to effect service of process on the defendants before the expiration of the 90-day period. The cost of effecting such service is imposed on the defendants.

SO ORDERED this 17th day of October, 2007 at Bridgeport, Connecticut.

/s/_____
Alan H. Nevas
United States District Judge